IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KAREN ANNETTE PATTERSON, )
)
    Plaintiff, )
)
v. ) NO. 3-20-cv-00989
) JUDGE RICHARDSON
STATE OF TENNESSEE DEPARTMENT )
OF LABOR AND WORKFORCE )
DEVELOPMENT, et al., )
)
    Defendants.

## MEMORANDUM OPINION

Pending before the Court is Defendants' Motion for Partial Dismissal (Doc. No. 7, "Motion"). Plaintiff filed a response (Doc. No. 11), and Defendants filed a reply (Doc. No. 13).

## BACKGROUND

Plaintiff is a 53-year-old female who applied for employment with Defendant Tennessee Department of Labor and Workforce Development ("TDLWD") in September of 2018. TDLWD is a state governmental agency that includes the division of Tennessee Occupational Safety and Health Administration ("TOSHA"). Plaintiff applied for employment with TOSHA as an occupational safety specialist. Defendants Buckles and Harris interviewed Plaintiff, on behalf of TDLWD, for the position. TDLWD did not choose Plaintiff for the position; it extended an offer of employment to a younger, male applicant.

Plaintiff has alleged the following causes of action: (1) violation of the Age Discrimination in Employment Act ("ADEA") by TDLWD; (2) violation of Title VII and the Tennessee Human Rights Act ("THRA") by TDLWD, based upon age; (3) violation of Title VII and the Tennessee Human Rights Act ("THRA") by TDLWD, based upon gender; (4) violation of the Tennessee

Veterans Preference Act ("TVPA") by TDLWD; and (5) negligence by the individual Defendants, Buckles and Harris. Defendants seek to dismiss all causes of action except those brought pursuant to Title VII.

## MOTION TO DISMISS

For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*.; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such

allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

To support a Rule 12(b)(6) motion to dismiss, "[t]he moving party has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield,* 552 F.3d 430, 433 (6th Cir. 2008). That is not to say that the movant has some *evidentiary* burden; as should be clear from the discussion above, evidence (as opposed to *allegations* as construed in light of any allowable matters outside the pleadings) is not involved on a Rule 12(b)(6) motion. The movant's burden, rather, is a burden of *explanation*; since the movant is the one seeking dismissal, it is the one that bears the burden of explaining—with whatever degree of thoroughness is required under the circumstances—why dismissal is appropriate for failure to state a claim.

## ADEA, THRA, NEGLIGENCE

Plaintiff has agreed that her ADEA, THRA, and negligence claims should be dismissed. (Doc. No. 11). Accordingly, Plaintiff's ADEA, THRA, and negligence claims will be dismissed by agreement.

## TENNESSEE VETERANS PREFERENCE ACT

The TVPA provides:

(a) When invitations to interview candidates are extended, whether for appointment or promotion, and the list of eligibles includes any person who has been honorably discharged from the army, navy, air force, marine corps or coast guard or any

3

member of the reserve components, as defined in 10 USC § 10101, who performs active federal service in the armed forces of the United States, these persons must be invited to interview.

(b) If a veteran is on the list of eligibles, and if the minimum qualifications and the skills, abilities, competencies and knowledge of the veteran and any another applicant being interviewed for the position are equal, preference shall be given to the veteran for the position.

(c) When invitations to interview candidates are extended, whether for appointment or promotion, the spouse or surviving spouse of a veteran must be invited to interview, if the spouse or surviving spouse is a qualified voter in Tennessee or has been a resident of this state for two (2) years preceding such person's application, and one (1) of the two (2) following circumstances exists:

> (1) As a result of such military service, the veteran suffered a one hundred percent (100%) service-connected disability or is permanently and totally disabled; or
>
> (2)(A) The veteran died in the line of duty during such military service; and
>
> (B) The surviving spouse has not remarried since the death of the veteran.

(d) Any appointing authority who passes over an eligible veteran and selects an eligible nonveteran shall file with the commissioner, within thirty (30) days, the reasons for so doing, which reasons will become a part of the veteran's record, but will not be made available to anyone other than the veteran, except in the discretion of the appointing authority.

Tenn. Code Ann. § 8-30-307.

Plaintiff claims that TDLWF violated this provision because she is the spouse of a veteran who is 100% disabled and, even though she was given an interview, she was not given a preference for the position for which she applied. She alleges that she was better qualified than the younger, male candidate who got the position and that she should have been offered the position.

Defendants have responded by arguing first that the TVPA does not *require* that the spouse of a veteran be *hired*. Defendants also argue that the TVPA does not provide a private right of action for any alleged violation thereof. Plaintiff has not cited any authority that allows a private

4

right of action under the TVPA, and the Court can find none. Because Defendants raised this argument in their reply, the Court gave Plaintiff additional time, until May 12, 2021, to address the argument. *See* Doc. No. 16. Plaintiff failed to file any additional arguments. The Court finds that Plaintiff has not sufficiently alleged a TVPA claim because she has not shown that she can bring a private action under the TVPA.

## CONCLUSION

For these reasons, Defendants' Motion for Partial Dismissal (Doc. No. 7) will be granted, and Plaintiff's claims for violations of the ADEA, THRA, and TVPA will be dismissed. In addition, Plaintiff's claims for negligence against the individual Defendants will be dismissed. An appropriate order will be entered.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE